FLOOD v. SENGER et al.

(Supreme Court, Appellate Division, Second Department.   October 7, 1910.)

1. SALES (§ 167*)—CAVEAT EMPTOR—APPLICATION OF DOCTRINE.
     The rule of caveat emptor applies to the sale of a horse, so that the fact that it was diseased would not affect the sale, in absence of warranty.
     [Ed. Note.—For other cases, see Sales, Cent. Dig. § 401; Dec. Dig. § 167.*]

2. SALES (§ 92*)—RESCISSION—RIGHT OF SELLER.
     Where plaintiff sold a horse, and the purchaser thereafter claimed that it had an incurable disease, and plaintiff returned the price and told him to kill the horse, plaintiff cannot recover the amount refunded, though the purchaser afterward discovered that the horse was not diseased, and sold it to a third party; the parties having virtually rescinded the contract.
     [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 257, 259; Dec. Dig. § 92.*]

     Woodward, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by William A. Flood against Henry J. Senger and another. From a judgment for defendants, plaintiff appeals.   Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

James E. Finegan, for appellant.
Henry Weismann, for respondents.

JENKS, J.   The plaintiff sold a horse to the defendant for $72. Thereafter the defendant told the plaintiff that the horse had an incurable disease, and the plaintiff voluntarily gave back the $72 and told the defendant to destroy the horse.   The defendant thereafter discovered that the horse was not suffering from the disease, and did not destroy it, but disposed of it to a third person.   The plaintiff sues for the return of the $72.

As there was no element of warranty in the transaction, the sale was not affected by the fact that the horse was diseased, for the rule of caveat emptor applies.   The parties virtually rescinded the contract. The vendor refunded the purchase money, and the vendor in effect took back the horse; for he, as owner, directed that it should be destroyed. I do not see that he has any legal right to recover the $72.   There is no proof of fraud in the case, although the plaintiff pleaded it.   It appears that, when the defendant represented to the plaintiff that the horse was incurably diseased, he was sustained by the opinion of a veterinary surgeon that such was his condition.

So far as the horse is concerned, that involves a different proposition.   If the plaintiff abandoned the horse, then he is remediless; if, on the other hand, he but gave up the possession of the horse to the defendant for a specific purpose, namely, to be destroyed, but the defendant failed to destroy the horse, the question would arise whether the

defendant was not bound to restore the horse to the plaintiff upon demand under the penalty of a conversion. But that question is not involved in this case.

I advise affirmance of the judgment, with costs.

Judgment of the Municipal Court affirmed, with costs. All concur, except WOODWARD, J., who dissents.